# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2252

_____

United States of America,

      Appellee,

v.

Brian Lee Pfeiffer,

      Appellant.

      Appeal from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

_____

Submitted: December 8, 2008
Filed:  February 9, 2009

_____

Before COLLOTON, BRIGHT, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Brian Lee Pfeiffer challenges his 198-month sentence imposed by the district court[1] for production of child pornography in violation of 18 U.S.C. § 2251(a) and 2251(e).  Pfeiffer, who committed the offense in 2002 and 2003, faced a mandatory minimum sentence of 10 years of imprisonment.[2]

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

[2]Under the current statutory framework, the mandatory minimum sentence for a violation of 18 U.S.C. § 2251(a) would be 15 years of imprisonment.  See 18 U.S.C. § 2251(e).

Pfeiffer argues that his sentence is substantively unreasonable because his conduct was "some of the least egregious child pornography possible." At sentencing, the district court conducted an extensive hearing that included the testimony of the investigating officer, a detailed review of the presentence investigation report (PSR) and the challenges to the Sentencing Guidelines calculation, a resolution of Pfeiffer's challenges to the PSR, and a thorough review of the 18 U.S.C. § 3553(a) sentencing factors. The court noted that it had reviewed the four videotapes involved and had reviewed the parties' sentencing memoranda.

Because Pfeiffer does not object to the procedure followed in his sentencing, the only issue we have to review is that of substantive reasonableness. This is a matter in which we give the district court's decision considerable deference. Gall v. United States, 128 S. Ct. 586, 597 (2007). Here, the district court explained in detail how the section 3553(a) factors justified the 198-month sentence, which was 64 months below the applicable Guidelines range and 42 months less than the statutory maximum. See United States Sentencing Commission, Guidelines Manual, § 3G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). In so doing, the district court stated that the sentence was sufficient but not greater than necessary to address the section 3553(a) factors. Upon reviewing the totality of the circumstances, we hold that the sentence is substantively reasonable.

Accordingly, we affirm Pfeiffer's sentence.

_____